*Nigohosian,* 121 AD2d 845; *Matter of Nulle,* 87 AD2d 657). We are of the opinion that the ends of justice will best be served by imposing upon respondent the same punishment in this State as was imposed in New Jersey *(see, Matter of Landesberg,* 126 AD2d 933; *Matter of Nigohosian, supra).* If respondent's proposed challenge to the New Jersey disbarment is ultimately successful, he will be free to apply to this court for relief from the order of discipline to be entered upon this decision.

Respondent ordered disbarred as an attorney and counselor-at-law in the State of New York, effective immediately. Mahoney, P. J., Mikoll, Levine, Harvey and Mercure, JJ., concur.

(May 24, 1988)

■ In the Matter of RONALD R. BENJAMIN, for Reinstatement as an Attorney, Petitioner.

(May 26, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK REED, Appellant.—Weiss, J.

On October 16, 1985, three men entered a boutique in the City of Troy, Rensselaer County, shortly after midnight and exited carrying merchandise later identified as clothing. This activity was witnessed and reported to the police by Eugene Harris. Officer Joseph House, who responded, recognized defendant and codefendant Benjamin Rountree run down Congress Street, drop the clothing and disappear in a nearby apartment complex. House secured the clothing, later identified as "On Broadway" boutique merchandise valued at approximately $647, and reported the events to his supervisor, Captain Nicholas Kaiser, who instructed him to obtain arrest warrants. Shortly thereafter, House observed defendant alone and asked him where Rountree was, but did not make an arrest. Defendant and Rountree were indicted for burglary in